UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNETTE M. FORD,<br><br>                    Petitioner,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Respondent. | Case No. 1:10-CV-349-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration is Petitioner Lynette M. Ford's ("Petitioner") Petition for Review (Dkt. 1) of the Respondent's denial of social security benefits, filed July 9, 2010. The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, the administrative record (AR) and for the reasons that follow, will remand the matter to the Commissioner.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on September 15, 2006, alleging disability due to depression,

**Memorandum Decision and Order - 1**

posttraumatic stress disorder (PTSD), anxiety attacks and headaches. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) Lloyd E. Hartford held a hearing on April 30, 2008, taking testimony from Petitioner who was represented by her attorney; vocational expert Karen Black; medical expert Marian Martin; and witness Robert Engle. (AR 47-138.) ALJ Hartford issued a decision finding Petitioner not disabled on July 21, 2008. (AR 24-33.)

Petitioner filed a timely appeal to the Appeals Council which denied her request for review, making the ALJ's decision the final decision of the Commissioner. (AR 1-4.) Petitioner appealed this final decision to this Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 42 years old. She has a bachelor's degree in wildlife resources and her past work includes activity assistant, housekeeper, inspector, mower, pharmacy technician, research assistant, veterinary receptionist, and wildlife intern.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since December 22, 2005,

**Memorandum Decision and Order - 2**

her alleged onset date. At step two, it must be determined whether claimant suffers from a severe impairment. The ALJ found Petitioner had the following "severe" impairments within the meaning of the Regulations: major depressive disorder, recurrent, severe, without psychotic features; and post-traumatic stress disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Petitioner was able to perform her past relevant work as an Activities Assistant. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. Having found Petitioner not disabled at step four, the ALJ did not proceed to step five.

## STANDARD OF REVIEW

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

**Memorandum Decision and Order - 3**

423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *Id.* It is well-settled that if there

**Memorandum Decision and Order - 4**

is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner raises three challenges to the ALJ's finding that she is not disabled. She first contends that the ALJ failed to conduct proper credibility determinations and also failed to properly weigh the medical source opinions. Petitioner also contends she is disabled under Medical Listing 12.04 and/or 12.06.

1. **Credibility Determinations**

    A. **Petitioner**

    Petitioner contends that the ALJ improperly rejected her testimony by failing to provide "clear and convincing reasons" and also improperly rejected the testimony of lay witness Robert Engle, Petitioner's friend.

**Memorandum Decision and Order - 5**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Id.* If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Unless there is affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Id.* An ALJ is required to consider a claimant's testimony regarding subjective symptoms such as pain or depression. 20 C.F.R. §§ 404.1529; 416.929; *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). When the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including consideration of claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, as well as claimant's daily activities, claimant's work record and testimony from physicians

and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider: location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms. *See* Soc. Sec. Ruling (SSR) 96-7p.

The ALJ states that he finds "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . ." (AR 29.) The ALJ notes that the signs and symptoms of high vigilance, paranoia and panic attacks are more often reflected in Petitioner's own self-reported complaints and are less often a part of clinical observations. *Id.* He also notes that a review of the records fails to support any significant limitations in the claimant's activities of daily living and claimant has made numerous efforts to walk her dog, start going to church and to try driving her car again. *Id.* However, the ALJ later states that "the claimant's ability to carry on certain daily activities, such as walking her dog and some limited driving, does not in any way detract from her credibility." *Id.* The ALJ also finds because the records reflects that treatment was not directed at the symptoms of obsessive thoughts, poor concentration, and increased irritability and anger, this suggests that these symptoms are not as intense, persistent, or as limiting as claimant

**Memorandum Decision and Order - 7**

alleges. (AR 30.)

The ALJ has not provided clear and convincing reasons for rejecting Petitioner's credibility. An ALJ may not reject a claimant's subjective complaints based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Here, the ALJ states that he finds Petitioner to not be fully credible because the symptoms she complains of are self-reported and not supported by clinical observations. However, the nature of mental illness is that it is not easily subject to the same type of clinical and objective findings as physical impairments. *See Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (" . . . mental disorders cannot be ascertained and verified as are most physical illnesses . . ."). The record shows that Petitioner consistently sought treatment for her mental illnesses. Petitioner has been diagnosed with depression and PTSD, and she has been treated by various mental health professionals and prescribed several different medications over the course of many years. References to her depression go back to at least 1989 in the medical records. (AR 404.) With regard to the ALJ's concern that her symptoms are self-reported, Petitioner's treatment providers are not able to personally observe how she functions in the world on a daily basis, they are only able to observe her during their sessions and listen to her descriptions of her symptoms and functioning. An ALJ cannot reject a claimant's complaints solely on the basis of lack of medical evidence. *See Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).

While the ALJ states that Petitioner's activities of daily living do not detract from her credibility, however, they are discussed and the Court will point out that the activities

**Memorandum Decision and Order - 8**

that the ALJ refers to all involve Petitioner's *efforts* to interact with society. Petitioner cannot be penalized for her "efforts" and for making "some progress." *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (". . . one does not need to be utterly incapacitated in order to be disabled"); *Smith v. Califano*, 637 F.2d 968, 971 (3rd Cir. 1981) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.")

Further, in line with *Vertigan v. Halter*, the ALJ's note that Petitioner had not decompensated or been hospitalized is not a valid reason for rejecting her testimony. Petitioner is not required to be "utterly incapacitated" in order to be found disabled.

Other than noting that some of Petitioner's subjective complaints are not part of the clinical observations because the treatment notes reflect that certain aspects of her impairment were not the subject of her counseling sessions, the ALJ fails to identify inconsistencies in the record, either in the medical record itself or in Petitioner's statements, that undermine Petitioner's credibility.

Although phrased in various ways, the ALJ essentially has found the Petitioner is not fully credible due to lack of medical evidence. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The Petitioner has provided a copious amount of treatment records that establish she suffers from depression and PTSD. The ALJ cannot discredit her solely for lack of clinical observations.

**Memorandum Decision and Order - 9**

### B. Lay Witness

The ALJ found that because Petitioner was not fully credible, neither was the testimony of her friend and roommate, Robert Engle. (AR 31).

An ALJ must consider evidence from sources other than the claimant, including family members and friends, to show the severity of a claimant's impairment. 20 C.F.R. § 404.1513(d)(4); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). The ALJ is required to consider competent lay testimony, but in rejecting such evidence, he must only give reasons for doing so that are "germane to [the] witness." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

As the ALJ gave the same weight to Mr. Engle's testimony as he did to Petitioner's and for the same reasons, the Court likewise finds that the ALJ did not make a proper credibility determination with respect to Mr. Engle.

### 2. Treating Physician Opinion

Petitioner argues that the ALJ failed to properly weigh the opinion of both her treating psychiatrist, Dr. Lanes, and the Social Security Administration's own medical expert, Dr. Martin. Petitioner contends that the ALJ failed to give "clear and convincing" reasons for rejecting the opinion of Dr. Lanes.

Ninth Circuit case law distinguishes among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830

(9th Cir. 1995). Generally, more weight is accorded to the opinion of a treating source than to nontreating physicians. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). In turn, an examining physician's opinion is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).

If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983).

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d at 1216; *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003);

Memorandum Decision and Order - 11

*Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999).

Reports of treating physicians submitted related to Petitioner's work-related ability are persuasive evidence of a claimant's disability due to pain and her inability to engage in any form of gainful activity. *Gallant v. Heckler*, 753 F.3d 1450, 1454 (9th Cir. 1984). Although the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons supported by substantial evidence for rejecting such an opinion where it is uncontradicted. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Gallant*, 753 F.2d at 1454 (citing *Montijo v. Sec'y of Health & Human Servs.*, 729 F.2d 599, 601 (9th Cir. 1984); *Rhodes v. Schweiker*, 660 F.2d 722, 723 (9th Cir. 1981)).

However, an ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Petitioner's account of her activities of daily living is another item that can be considered by the ALJ in determining what weight to give to a physician's opinion. *See Morgan v. Comm's of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ noted that while Dr. Lanes' opinion was not contradicted by other substantial evidence of record, he found that it was not well-supported by his counseling notes. For that reason, he did not give it controlling weight. The ALJ further provided that the opinion was given "significant weight" in terms of claimant's ability to understand, remember, carry out simple instructions, and to make judgment on simple

**Memorandum Decision and Order - 12**

work-related decisions. However, less weight was afforded to Dr. Lanes' opinion that the claimant was severely limited in her ability to interact with the public, supervisors and co-workers. (AR 31.) Earlier in his decision, the ALJ discounts the latter part of Dr. Lanes' opinion because he never "simply stated that the claimant could not function" and instead stated that she "was now making progress." (AR 29.) The ALJ also stated that many of the noted signs and symptoms are claimant's own self-reported complaints and not part of objective clinical observations. *Id.* Several times in his decision, the ALJ mentions that the bulk of the record that supports marked difficulties consists of the claimant's self-reported complaints and allegations as opposed to objectively observed signs and symptoms. (AR 27, 29, 30.)

While the Court recognizes that an ALJ may reject a treating physician's opinion when it is based on a claimant's properly discredited self-reports, here the Court has found that Petitioner was not properly discredited. While the fact that a physician has relied on the subjective complaints of a properly discredited plaintiff can, in some circumstances, be a legitimate basis for disregarding that physician's opinion, an ALJ "does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of a patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Comm'r*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). *See also Morgan v. Apfel*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). Here, Dr. Lanes provided a letter that accompanied his Medical Source Statement

**Memorandum Decision and Order - 13**

that explains why he finds Petitioner to be disabled. (AR 542.)

The ALJ admits that Dr. Lanes' opinion is "not contradicted by other substantial evidence of record . . ." but continues on that his opinion is "not well-supported by his laconic counseling records." *Id.* The Court finds that the ALJ has not provided clear and convincing reasons for rejecting Dr. Lanes' opinion.

Further, the ALJ also improperly "picks and chooses" from Dr. Lanes' opinion to support his conclusion. He gives "significant weight" to the portions of Dr. Lanes' opinion in which he has found no limitations on Petitioner's ability to perform work-related tasks but gives "less weight" to the areas in which he has found marked limitations. (AR 31). An ALJ must consider all relevant evidence in the record and cannot pick and choose evidence that supports his conclusion. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (ALJ cannot reach a conclusion first and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result). *See also Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004); *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). A reviewing court must consider both evidence that supports, and evidence that detracts from, the examiner's conclusion. *Gallant*, 753 F.2d at 1455. The Court remands accordingly.

3. **Medical Listings 12.04 and 12.06**

Petitioner submits that she is disabled under Medical Listing 12.04 and/or 12.06. She contends that the ALJ erred in finding that she did not satisfy the "B" criteria of

Listings 12.04 and 12.06.[1]

Petitioner contends that the ALJ erroneously found that she did not have "marked" limitations despite the fact that both her treating psychiatrist, Dr. Lanes, and the medical expert, Dr. Martin, testified to marked restrictions.

While the Court has found that the ALJ improperly discredited Petitioner's credibility and has not provided clear and convincing reasons for rejecting the opinion of Dr. Lanes, it does not follow that the Court should find that Petitioner satisfies these Listings. At step three, Petitioner has the burden of proving she meets either Listing and is *per se* disabled. Medical evidence must support such a finding. While the Court holds that Petitioner's credibility and physicians' opinions should be reconsidered by the ALJ, the determination of whether she satisfies the criteria of either Listing 12.04 or 12.06 will be left to the ALJ.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED that** Petitioner's Petition for Review (Dkt. 1) is

---

[1] The "B Criteria" for Listing 12.04 and 12.06 are:

Resulting in at least two of the following:
    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation, each of extended duration.

**GRANTED**. This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion. This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: September 28, 2011

<br>

Honorable Mikel H. Williams
United States Magistrate Judge